ALMON, Justice
(concurring in the result).
This action was filed on August 8, 1991; Reneke[1] entered into a settlement with the defendants in February 1993 and they submitted that settlement to the circuit court for approval. On March 9, 1993, Prime Health and Prime Health of Alabama (hereinafter collectively “Prime Health”) moved to intervene, requesting reimbursement pursuant to Ala.Code 1975, § 27-21A-30, and by right of subrogation. In opposition to the motion, Reneke submitted an affidavit stating that Kathleen Reneke was permanently and totally disabled, with loss or damage exceeding $4,896,326.[2] The circuit court awarded Prime Health $263,607.46, more than 12½ of the $2,100,000 settlement.
It appears that Reneke entered into the settlement with the understanding that the subrogation principles stated in Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala.1990), and International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989), would apply,[3] and that therefore Prime Health would not be entitled to receive part of the settlement proceeds because those proceeds would not make Kathleen whole for her injuries. More than a year and a half after Reneke had filed this action and only after Reneke had negotiated a settlement, Prime Health first claimed reimbursement out of any sum received from the tort-feasors and argued that Powell would not apply to its claim. Reneke negotiated and entered into the settlement without Prime Health’s having filed any such claim or having made any such argument. I would hold that, under these circumstances, Prime Health’s motion to intervene was untimely and should have been disallowed. I agree that the judgment awarding Prime Health a portion of the settlement proceeds is due to be reversed.

.Markie Reneke, individually and as legal guardian of Kathleen E. Reneke.

. This was the present value given by her expert, assuming a 20-year life expectancy for Kathleen; assuming a normal 57-year life expectancy, he gave present value figures totalling $12,474,749.

. Her immediate response to the motion to intervene was to cite these two cases in opposition to the motion.